DALLAS RAILWAY & TERMINAL COMPANY V. IDA MAY HENDRICKS.

No. 7927.  Decided November 4, 1942.
Rehearing overruled December 9, 1942.
(166 S. W., 2d Series, 116.)

*Buford, Ryburn, Hincks & Charlton* and *W. M. Taylor, Jr,.* all of Dallas, for plaintiff in error.

On the question of permitting the introduction of abandoned pleadings. Liquid Carbonic Co. v. Southwestern Drug Corp., 73 S. W. (2d) 152; Houston E. & W. T. Ry. Co. v. DeWalt, 70 S. W. 531; Missouri, K. & T. Ry. Co. v. Maxwell, 130 S. W. 722.

*Cedric G. Hamilton,* of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff Ida May Hendricks sued defendant Dallas Railway & Terminal Company for damages for personal injuries which she claimed to have sustained as the result of being thrown or caused to fall to the floor of one of defendant's street cars on which she was a passenger. A judgment in her

favor was affirmed by the Court of Civil Appeals. 154 S. W. (2d) 899.

Plaintiff's cause of action was grounded upon three acts of alleged negligence on the part of the operator of the street car, viz: (1st) In setting the car in motion before she was afforded a reasonable time and opportunity to procure a seat; (2nd) or to find a hand hold or strap with which to brace herself, and (3rd) in starting the car with a sudden jerk in an unnecessary violent manner.

Defendant went to trial upon its third amended original answer which consisted of a general demurrer, special exceptions and a general denial, followed by the special plea that plaintiff boarded the street car along with several other persons, and as she proceeded from the front to the rear of the car she stumbled and fell; that during all of that time the car remained motionless, and that the plaintiff's injuries, if any she sustained, were the result of her own failure to exercise ordinary care in certain enumerated respects. In the next paragraph of the answer it was alleged, in the alternative, that "* * * if it be shown that the street car did start, then defendant says that said street car started in the usual and customary manner and without any unusual or unnecessarily violent jerk * * *." Defendant's first amended original answer, which had been superseded and abandoned, also contained a general denial, followed by the same special pleas as those just enumerated, with the exception that it contained no alternative plea to the effect that, if the street car did start, then it started in the usual and customary manner and without any unusual or unnecessarily violent jerk. In brief, an alternative defense was pleaded in the third amended original answer which was not pleaded in the first amended original answer.

In the course of the trial the plaintiff, over the objection of the defendant, was permitted to introduce in evidence the paragraph of the first amended original answer containing the special pleas above enumerated. Counsel for plaintiff in open court stated his purpose in introducing such pleading in this language: "I just want to show he has changed his pleading." Follow the reading of the paragraph of the abandoned pleading to the jury, the plaintiff then called one of the attorneys for the defendant to the witness stand, and, over the objection of the defendant, the attorney was required to testify and did

testify that there were no allegations in the first amended original answer to the effect that the street car might have been moving when plaintiff fell. In the above manner it was made known to the jury that the alternative plea of the third amended original answer did not appear in the first amended original answer.

Upon original submission the Court of Civil Appeals by unamimous decision held that it was reversible error for the court to admit the portion of the abandoned pleading and require defendant's attorney to testify as above indicated. It based the holding upon the ground that defendant had the statutory right (Art. 2006-R. S. 1925) to file inconsistent pleas following its general denial, and its reason for doing so was not a jury question, and upon the further ground that the portion of the abandoned pleading admitted in evidence followed a general denial and was not therefore an admission of any fact, citing Houston E. & W. T. Ry. Co. v. DeWalt, 96 Texas, 121, 70 S. W. 531, 97 Am. St. Rep. 877; M. K. & T. Ry. Co. of Texas v. Maxwell, 130 S. W. 722. We approve that holding. It is supported by the authorities cited and others which could be added.

Upon rehearing, however, a majority of the court, the Chief Justice dissenting, held that the error was "entirely harmless." The opinion of the majority still held that the ruling of the court was improper, but concluded that it "deprived the defendant of no right."

It is not claimed that the ruling deprived the defendant of any right in the sense that it was thereby prevented from developing its defenses. The claim is that defendant was prejudiced by the improper ruling. The evidence could not have aided plaintiff's case, and was not offered for that purpose. It was admittedly, offered to inform the jury that defendant had changed its pleading. Its evident effect was to enable the plaintiff to charge the defendant with inconsistency and with abandoning its original version of how the accident occurred. It was calculated to prejudice defendant's defenses, and probably had that effect, and there is no showing that it did not do so. For this error the judgments of the lower courts must be reversed and the cause remanded.

Another reason was assigned by the Court of Civil Appeals in its original opinion for reversing the trial court's judgment,

but same was rejected by the majority on rehearing. Since the case will be remanded for a new trial it is not deemed impor-- tant that we enter into a discussion thereof. Upon another trial the court will so frame the charge as to eliminate that question from the case.

Other errors are assigned, but it does not appear probable that any of them will arise upon another trial, and they will therefore not be discussed.

The judgments of the Court of Civil Appeals and the trial court will both be reversed and the cause remanded.

Opinion adopted by the Supreme Court November 4, 1942.

Rehearing overruled December 9, 1942.