W. B. HANDLEY et al., Appellants,

v.

Patricia Dean BOSWELL et al., Appellees.

No. 97.

Court of Civil Appeals of Texas.

Tyler.

Jan. 14, 1965.

Rehearing Denied Feb. 11, 1965.

Ben T. Warder, Jr., Carter, Gallagher, Jones & Magee, Henry D. Akin, Leachman, Gardere, Akin & Porter, Dallas, Waggoner Carr, Atty. Gen., J. Gordon Zuber, Asst. Atty. Gen., Austin, Snowden M. Leftwich, Jr., Stigall & Maxfield, Dallas, for appellants.

Paul S. Adams, Jr., Storey, Armstrong & Steger, Dallas, Arch B. Gilbert, Brooks, Tarlton, Wilson & Gilbert, Fort Worth, for appellees.

SELLERS, Justice.

Plaintiffs' Original Petition contains the following:

"NOW COMES, PATRICIA DEAN BOSWELL, joined by her husband, BRUCE L. BOSWELL, and JOHN HENRY DEAN, III, of Tarrant County, Texas, complaining of W. B. HANDLEY of 6316 Churchl Way, Dallas, Texas, Individually, and as Co-Trustee under the Testamentary Trusts created by the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased; W. B. DEAN of 607 Kessler Lake, Dallas, Texas, Individually, and as Successor Individual Co-Trustee under the Testamentary Trusts created by the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased; THE DEAN MEMORIAL CHILDREN'S HOME, Dallas, Texas a charitable corporation, organized and existing under the laws of the State of Texas, whose registered agent for the service of process is WILLIAM B. DEAN, 3647 Henson, Dallas, Texas; and the ATTORNEY GENERAL of the State of Texas, Capitol Station, Austin, Texas.

"THE REPUBLIC NATIONAL BANK OF DALLAS, Dallas, Texas, a National Banking Corporation, having its principal place of business in Dallas, Texas, as Co-Trustee under the Testamentary Trusts created by the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased, is also joined as a defendant, only by reason of its capacity as Co-Trustee of the said Trusts. The said Bank was not an executor of the said Estate.

"The Plaintiff, PATRICIA DEAN BOSWELL, is the primary beneficiary of the PATRICIA DEAN BOSWELL TRUST, created pursuant to the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased. Bruce L. Boswell is joined as party plaintiff because he is the husband of Patricia Dean Boswell, but otherwise has no interest herein. The Plaintiff, JOHN HENRY DEAN, III, is the primary beneficiary of the JOHN HENRY DEAN III TRUST, created pursuant to the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased. The Defendants, W. B. HANDLEY, and W. B. DEAN, both of Dallas, Texas, were nominated in the said Will as Co-Independent Executors of the Estate of Mrs. Carrie Slaughter Dean, Deceased, and both were confirmed by the court as Co-Independent Executors and both qualified and served as Co-Independent Executors of the decedent's Estate. The Defendants, W. B. Handley and The Republic National Bank of Dallas, Dallas, Texas, Co-Trustees, were named in the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased, as Co-Trustees of the trusts created therein. The Defendant, W. B. Dean, was named as Substitute Co-Trustee with the Republic National Bank of Dallas, Dallas, Texas in the said Last Will and Testament, in the case of the death, resignation or inability to act on the part of W. B. Handley. The Dean Memorial Children's Home, of Dallas Texas, would succeed to the beneficial interest in the trusts created for the primary

benefit of the Plaintiffs, pursuant to the Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased, in the event the Plaintiffs were to forfeit their interest in the trusts as provided in Section III of the said Will. The Attorney General of the State of Texas is made a party hereto as required in Vernon's Annotated Civil Statutes Article 4412a.

"The above Defendants and the Plaintiffs are all of the parties who have an interest in or could be affected by this proceeding. Plaintiffs allege for their cause of action as follows:

## I

"Mrs. Carrie Slaughter Dean died testate on the 7th day of August, 1958, a resident of Dallas County, Texas. Her Last Will and Testament and the Codicil thereto were duly admitted to probate in the County Court of Dallas County, Texas, on the 25th day of August, 1958, in probate proceeding No. 45453–P. W. B. Handley and W. B. Dean, Defendants herein, were named Co-Independent Executors without bond in said Will, were confirmed by the Court, duly qualified, and were granted Letters Testamentary as Co-Independent Executors of the Estate of Mrs. Carrie Slaughter Dean, Deceased, on August 25, 1958. The Estate of Mrs. Carrie Slaughter Dean, Deceased, was closed, and the administration completed, as of May 31, 1962. Upon termination of the Estate of Mrs. Carrie Slaughter Dean, Deceased, the residue of the estate was to be transferred to The Republic National Bank of Dallas, Dallas, Texas, and W. B. Handley, as Co-Trustees, who are required pursuant to the Will of Mrs. Carrie Slaughter Dean, Deceased, to hold an undivided one-half interest of all the residue of the estate in the Patricia Dean Boswell Trust, and the other undivided one-half interest in the residue of the Estate in the John Henry Dean III Trust.

## II

"Plaintiffs would show the Court that they do not intend in any manner, in this proceeding or in any other proceeding, to contest or question the validity or legality of the Will of Mrs. Carrie Slaughter Dean, Deceased, or any part or clause of the said Will, or the probate thereof. Nevertheless, it has come to the attention of the Plaintiffs and the Defendant, The Republic National Bank of Dallas, Co-Trustee, and the Plaintiffs in good faith believe, that gross irregularities occurred in the handling and administration of the Estate of Mrs. Carrie Slaughter Dean, Deceased, by the former Co-Independent Executors, W. B. Handley and W. B. Dean. Because of these gross irregularities, the Plaintiffs would like to join with the Defendant, The Republic National Bank of Dallas, Co-Trustee, in bringing an action against the former Co-Independent Executors, W. B. Handley and W. B. Dean, to surcharge them for numerous breaches of their fiduciary responsibility in handling the Estate, gross neglect, and for the wrongful conversion of assets of the Estate. However, Section III, pages 13 and 14 of the said Will, contains what is commonly referred to as an 'in terrorem' or a forfeiture clause, which provides as follows:

"'SECTION III. It is my will, and I now expressly provide and make it a condition precedent to the taking, vesting, receiving or enjoying of any property, benefit or anything whatsoever under and by virtue of this will, that neither of my grandchildren, Patricia Dean Boswell and John Henry Dean III, shall in any manner contest the probate thereof or question or contest the same or any part or clause thereof in any judicial proceeding, and I further will and provide that should either of them so contest or question, or in any manner aid in any such contest or questioning, then the one doing so shall thereupon lose and forfeit all right to any benefit and all right or title to any property or thing herein directly or indirectly intended to be vested in her or him or for her or his use and benefit, shall thereupon vest in

the one who does not so question or contest or give aid in such questioning or contesting of this will or the probate thereof or any clause or provision of same; and it is my further will, and I expressly provide, that if both of my said grandchildren shall contest or question, or in any manner aid in any such contest or questioning, this will or the probate thereof or any clause or provision of same, then both of them shall thereupon lose and forfeit all right to any benefit and all right or title to any property hereby intended for them, or either of them, and thereupon every such right, title, property or other thing emanating therefrom shall vest in Dean Memorial Children's Home, of Dallas, Texas.'

and the Plaintiffs are unable to determine (without possible great loss to themselves) the proper construction of this section of the Will. Pursuant to the provisions of Vernon's Annotated Regised Civil Statutes, Uniform Declaratory Judgment Act, Article 2524–1, Sections 2 and 4, Plaintiffs ask this Court for a construction of Section III of the said Will so that the Plaintiffs may proceed safely. A copy of the Will and Codicil of Mrs. Carrie Slaughter Dean is attached hereto, marked Exhibit 'A' and made a part hereof.

### III

"The Plaintiffs in good faith believe that it is necessary that an action be brought to surcharge the former Independent Executors for the numerous breaches of their fiduciary responsibilities, for self-dealing, collusion, and to obtain an accounting for all moneys paid by the former Independent Executors out of estate funds to themselves. The Plaintiffs further believe in good faith that it is necessary to bring an action to remove W. B. Handley as Co-Trustee of the trusts and W. B. Dean as Successor Co-Trustee, because of incompetency, self-dealing, breaches of trust, and demonstrated hostility, if the funds of the trusts are to be properly protected and administered."

Then follows some ten pages of misconduct on the part of the two co-executors which we deem unnecessary to quote.

"13. That the Plaintiffs in good faith believe that if the said trusts are to be properly administered and carried out according to their terms, it will be necessary that the said W. B. Handley be removed as Co-Trustee of the said trusts and that the said W. B. Dean be removed as Successor Co-Trustee.

### IV

"The Plaintiffs are not questioning or contesting the probate of the Will or any clause of the Will, nor the validity of same. Because of the existence of the 'in terrorem' clause in Section III of the Will, the Plaintiffs are presently constrained to proceed with the proposed actions herein set forth, until a judicial construction of that section has been obtained. If such judicial construction is favorable to these Plaintiffs, an appropriate civil action will be filed against W. B. Handley and W. B. Dean for an accounting, for recovery of funds improperly paid to them, for gross negligence and negligence in the administration, to surcharge them for the numerous breaches of their fiduciary responsibilities, incompetent administration of the estate, and for the various wrongs above set out; and to seek the removal of W. B. Handley as Co-Trustee and W. B. Dean as Successor Co-Trustee, by reason thereof. Plaintiffs therefore request this Court to construe Section III of the said Last Will and Testament of Mrs. Carrie Slaughter Dean, Deceased, and answer the following questions in said construction:

"1. Would an appropriate action brought in good faith by these Plaintiffs or joined in by them to surcharge the former Co-Independent Executors, W. B. Handley and W. B. Dean, for the relief above described and for such other relief to which Plaintiffs or the Trusts may be entitled in law and equity, for numerous breaches of trust, for collusion, for gross negligence and negligence in the adminis-

tration, for gross mishandling of estate funds, and for the various wrongs above set forth, constitute a contest of the probate of the Will or a contest of the validity of the Will or any part thereof within the meaning of Section III of the said Will?

"2. Would an appropriate civil action brought in good faith by these Plaintiffs or joined in by them, seeking the removal of W. B. Handley, as Co-Trustee, and W. B. Dean, as Successor Co-Trustee (while specifically recognizing the validity of their appointments under the Will), and for such other relief which Plaintiffs or the Trusts may be entitled in law and equity, on the ground of hostility, incompetency, self-dealing, flagrant abuses of their fiduciary responsibilities, and the various wrongs above set forth, constitute a contest of the probate of the said Will or constitute a contest of the validity of the Will or any part or clause thereof within the meaning of Section III of the said Will?

"3. Would an appropriate civil action brought at any time during the terms of these trusts seeking a construction of the administrative or other provisions of the trusts, by these Plaintiffs or joined in by these Plaintiffs constitute a contest of the probate of the said Will or constitute a contest of the validity of the Will or any part or clause thereof within the meaning of Section III of the said Will?

V

"There exists a bona fide legal controversy and dispute between the parties that only a decree of the Court can resolve.

"WHEREFORE, the Plaintiffs pray that the Defendants be cited to appear and answer herein, that Section III of the Will of Mrs. Carrie Slaughter Dean, Deceased, be construed by this Court, that the questions propounded to the Court be answered in the negative, and for such other and further relief, at law and in equity, to which the Plaintiffs may show themselves justly entitled."

There is attached to plaintiffs' petition Exhibit "A" which purports to be a copy of the will of Mrs. Carrie Slaughter Dean. This instrument is neither verified nor certified to. Neither is the petition of the plaintiffs. All of the defendants filed answers containing many special exceptions and general denials of plaintiffs' allegations.

The Attorney General's answer contains the following:

"The defendant neither admits nor denies the allegations of fact made by the plaintiffs in this cause but respectfully requests that this Honorable Court require that the allegations of plaintiffs' Petition be properly proved and that this Honorable Court then act in such manner, in the premises, as the interests of all parties require, consonant with equity, justice and the laws applicable to the facts as proved."

We have quoted at length from plaintiffs' petition in order that our holding may be understood. We will say for brevity that this is an action under the Declaratory Judgments Act of this State, seeking a construction of the will of Mrs. Carrie Slaughter Dean, deceased, alleged to have been duly probated in Dallas County, Texas. The record comes to this Court from a summary judgment rendered by the trial court in favor of the plaintiffs, answering each of the issues in their favor. In order to secure a summary judgment the burden was upon plaintiffs to comply with Rule 166–A(e) of the Rules of Civil Procedure. The plaintiffs' motion for summary judgment was not verified but has attached thereto an affidavit as follows:

"In support of the motion of Cross-Defendant, Patricia Dean Boswell, et vir, and John Henry Dean, III, for summary judgment in the above entitled and numbered cause the undersigned affiant makes this affidavit and thereby on oath states the following:

"I am over twenty one (21) years of age, am of sound mind, have never been convicted of any crime or offense and have

personal knowledge of every statement herein made and am fully competent to testify to the matters stated herein:

"I honestly and in good faith believe that W. B. Handley and W. B. Dean, Defendants herein, as Independent Co-Executors of the last will and estate of Carrie Slaughter Dean, are guilty of numerous breaches of their fiduciary responsibility and gross neglect in handling said estate, and are guilty of wrongful conversion of assets of said estate. I have been informed by Republic National Bank of Dallas, Dallas, Texas, that they, because of said acts and omission, as Co-Trustee of John Henry Dean III Trust, intend to commence action against the said W. B. Handley and W. B. Dean to surcharge them and remove W. B. Handley as Co-Trustee and W. B. Dean as Successor Co-Trustee of the John Henry Dean III Trust. Republic National Bank of Dallas has invited and asked me to join them in this suit. Although I did not believe that such an action would violate the in terrorem clause of said will, because of the large sums of money involved I wanted to secure a judicial construction of this clause prior to joining in said lawsuit against the former Independent Co-Executors. This declaratory judgment suit was filed in good faith to determine in advance whether or Not I could bring such a suit or join in such a suit without violating the in terrorem clause of the will.

"John Henry Dean III /s/

Affiant"

No sworn or certified copy of the will or the order probating the same is attached to said affidavit. The record in this case seems to us to require a certified or sworn copy of both the will and order probating the same before this Court could answer the question submitted by plaintiffs. We think our holding is supported by the case of Gardner v. Martin et al., 162 Tex. 156, 345 S.W.2d 274, by the Supreme Court where it is held:

"Defendants, who referred to record in a prior case in their motion for summary judgment, but who failed to attach certified copies thereof to their motion were not entitled to summary judgment. Rules of Civil Procedure, rule 166–A and subd. (e)."

Since this whole lawsuit is dependent on the will involved, we do not believe that this Court should proceed to construe the same without the referred to instruments being in the record.

For this reason, the judgment of the trial court is reversed and the cause remanded.