Patricia Dean **BOSWELL** et al., Petitioners,

v.

**W. B. HANDLEY** et al., Respondents.

No. A–10681.

Supreme Court of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 12, 1966.

Brooks, Tarlton, Wilson & Gilbert, Fort Worth, for petitioners Patricia Dean Boswell et al.

Storey, Armstrong & Steger and Paul S. Adams, Jr., Dallas, for petitioner Republic National Bank of Dallas.

Carter, Gallagher, Jones & Magee and Ben T. Warder, Jr., Dallas, for respondent W. B. Handley.

Stigall & Maxfield and Snowden M. Leftwich, Jr., Dallas, for respondent Dean Memorial Children's Home.

Leachman, Gardere, Akin & Porter, Dallas, for respondent W. B. Dean.

HAMILTON, Justice.

This is a suit for a declaratory judgment instituted by Patricia Dean Boswell, joined by her husband, Bruce L. Boswell, and John Henry Dean, III, against W. B. Handley, individually and as co-trustee of the testamentary trusts created under the will of Mrs. Carrie Slaughter Dean, deceased; W. B. Dean, individually and as successor co-trustee under such testamentary trusts; the Dean Memorial Children's Home, a charitable corporation; the Attorney General of the State of Texas; and Republic National Bank of Dallas, as co-trustee under such testamentary trusts. Patricia Dean Boswell and John Henry Dean, III, are beneficiaries of the testamentary trusts created under the will of Carrie Slaughter Dean, their grandmother. In the suit for declaratory judgment the beneficiaries of the trusts seek a construction of the will of Mrs. Dean and a declaration of their rights under Section III thereof, referred to variously as the forfeiture or in terrorem clause, to determine

that, in the event they file, or join in the filing of a suit to surcharge the former co-independent executors of said estate, Handley and Dean, for mishandling and waste of said estate during its period of administration, such suit by them would not result in a forfeiture of their rights as beneficiaries under such will.

The trial court granted petitioner Boswell's motion for summary judgment. The Court of Civil Appeals reversed and remanded the case for a new trial. 386 S.W.2d 300. We affirm the judgment of the Court of Civil Appeals.

Respondents contend that the motion for summary judgment was improperly granted because there was no certified or verified copy of Mrs. Dean's will and the order probating it upon which to give such relief.

The legal problem presented in this case arises because the petitioners did not attach to their pleadings, affidavits, or motions for summary judgment a certified or sworn copy of the last will and testament of Mrs. Carrie Slaughter Dean and of the order showing that said will had been duly probated. Petitioners did include in their unsworn pleadings a purported copy of a will, known to all parties as "Exhibit A." All of the defendants below answered with a general denial and with the exception of the Attorney General of Texas, incorporated various portions of the "will" into their answers. The Dean Memorial Children's Home asked for affirmative relief by way of a cross-action since it was the next beneficiary in the event of a forfeiture by the petitioners.

Petitioners then filed their unverified motions for summary judgment relying upon sworn affidavits. Controverting affidavits were filed, but there was nothing attached to the affidavits of either party nor did the affidavits of the petitioners refer to "Exhibit A."

Petitioners rely upon the case of Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962), as controlling in this situation. They contend that since there was no objection in the trial court concerning the absence of the sworn or certified copy of Mrs. Dean's will and the order probating it being attached or served with their affidavits, then an assignment of error to that effect comes too late when raised for the first time before the Court of Civil Appeals. See also Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ. App.1963, error ref. n. r. e.), relying upon Youngstown, supra.

We distinguish Youngstown Sheet & Tube Co. v. Penn for the following reasons. In that case, the plaintiff sued The Texita Oil Company on a sworn account and for foreclosure of its materialmen's lien on the Mallard "A" and Mallard "B" leases in Atascosa County. Plaintiff by amended petition alleged that Texita was a partnership composed of certain named individuals. Three of these individuals, the defendants, filed a verified answer denying that they were partners in Texita, and further denied that they had engaged in a partnership with Texita in the development and operation of the two leases. Defendants' motion for summary judgment was granted and the Court of Civil Appeals affirmed. Of the affidavits filed in support of their motion for summary judgment, one referred to a photostatic copy attached to the defendants' original answer and stated that such instrument was executed by the three defendants and Texita concerning the operation of the Mallard "B" lease.

We held that those affidavits were subject to exception in the trial court because, among other defects, sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit. However, we went on to hold that:

> " * * * objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 363 S.W.2d 230, 234.

A different situation and result prevailed with respect to the Mallard "A" lease. No attempted incorporation by reference of that operating agreement into the defendants' affidavits was made, nor was such attached to the motion for summary judgment or to any of the pleadings. It simply was not in the record. We therefore held on the basis of Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961), that the defendants had not discharged their burden of showing that they were entitled to judgment as a matter of law, regarding the Mallard "A" lease.

The distinction that we draw is that in Youngstown, supra, as to the Mallard "B" lease, there was a reference to the copy of the operating agreement attached to defendants' answer. By sworn affidavit defendants stated that such was executed by the parties. A copy of the affidavit was served on the plaintiff, as was a copy of the defendants' original answer with the photostat of the operating agreement attached. We held that in those circumstances the copy constituted a sufficient basis upon which a motion for summary judgment could either be granted or denied, *in the absence of an exception by the opposing party.*

In the case before us petitioners did not attempt in their sworn affidavits to adopt by reference the copy attached to their pleadings, known as "Exhibit A." A duplicate of petitioners' pleadings, including "Exhibit A", had been served upon the respondents. The same was true in regard to petitioners' affidavits that they filed in support of their motions for summary judgment. However, in the affidavits of the petitioners, "Exhibit A" was never sworn to be a true and correct copy of the duly probated will of Mrs. Carrie Slaughter Dean. As it now stands, *petitioners' exhibit attached to their pleadings cannot come within the rule set out in the Youngstown case.*

Instead, we agree with the Court of Civil Appeals, which holds that this case is con-trolled by Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961). In that case we held that where the defendant failed to attach to his motion for summary judgment either sworn or certified copies of the record and judgment in an earlier suit that there was nothing in the record upon which the appellate court could rely to determine whether that motion had been properly granted. As a result we held that the judgment could not stand.

■ The facts in this case before us are substantially the same. True enough, there was nothing in the Gardner record of the prior judgment, not even a purported copy of that judgment. Here there is a copy which is not certified or verified to be the duly probated will of Mrs. Carrie Slaughter Dean. Rule 166–A has not therefore been complied with and the motion for summary judgment should have been overruled by the trial court. Rule 166–A(e), Texas Rules of Civil Procedure.

■ However, petitioners contend that there are certain judicial admissions concerning Mrs. Dean's will that appear in respondent Handley's controverting affidavit and in the pleadings of the other respondents because they utilize "Exhibit A" or parts of it. We have examined respondent Handley's affidavit and the strongest inference or "admission" is that there is a will of Mrs. Carrie Slaughter Dean. It does not refer to the will as that copy attached to petitioners' pleadings known as "Exhibit A". This could hardly be said to cure the defect of petitioners' motion for summary judgment.

■ As to the alternative theories set forth in the various pleadings of the respondents, we note that they all have general denials as well. This, of course, puts the petitioners in a position of having to prove every material fact of their cause of action, even though through alternative pleadings respondents assumed the existence of the will or that the copy was a true

and correct one. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949); Dallas Ry. & Terminal Co. v. Hendricks, 140 Tex. 93, 166 S.W.2d 116 (1941). These cases are the latest word concerning the effect of a general denial by this court.

Petitioners point out that the respondents objected for the first time before the Court of Civil Appeals to the absence of a verified or certified copy of Mrs. Dean's will. Since this was a nonjury trial, no motion for new trial was required to be filed. Rule 324, T.R.C.P. However, petitioners argue that even though not required to do so, respondents did file a motion for new trial and are therefore limited to the errors assigned therein. This question has been decided to the contrary by this court in Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 104 (1939). See McDonald, Texas Civil Practice, Vol. 4, p. 1427 § 18.04.

There is no verified or certified copy of the will nor a sworn or certified copy of the order probating such before the court upon which to base petitioners' motion for summary judgment. Therefore, the judgment of the Court of Civil Appeals is affirmed.

GREENHILL, Justice (dissenting).

Rule 1 of the Texas Rules of Civil Procedure says in part that the purpose of the rules is to expedite the trial of cases with the least possible expense to the litigants; that the proper objective of the rules is to obtain a just, fair, and equitable adjudication of the rights of litigants; and that the rules should be given a liberal construction. Certainly this rule is intended to apply generally. What the majority opinion says, at least to me, is that Rule 1 does not apply to Rule 166–A which deals with summary judgments. With summary judgments, we are back to a strict and technical construction of the Rules of Civil Procedure.

The will in question was actually before the trial court in all of the ways set out in the Court's opinion. We are nevertheless

requiring the litigants and their counsel to expend the time and money to retry this case because of a matter about which there was actually no controversy in the trial court. In my opinion this Court should decide the merits of the case.