

# NUMBER 13-11-00663-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT J. MATTINE,**                                       **Appellant,**

**v.**

**BEAKLEY & ASSOCIATES, P.C.**
**AND JOHN W. BEAKLEY,**                               **Appellees.**

---

## On appeal from the 359th District Court
## of Montgomery County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Robert J. Mattine appeals from a final order granting the "Motion to Dismiss" filed by appellees Beakley & Associates, P.C. and John W. Beakley.[1]   By seven

---

[1] Mattine brought the underlying suit against Warren, Beakley, Garrett and Associates P.C., Randy Warren, John Beakley, and the estate of Steven Garrett.   Warren, Beakley, Garrett and Associates P.C.

issues, Mattine complains of the trial court's judgment in three aspects.[2]  First, Mattine argues the trial court erred in granting relief to appellees based on the statute of limitations, res judicata, and for failure to state a claim upon which relief can be granted because (1) appellees filed a motion to dismiss instead of a motion for summary judgment, (2) there is a fact question as to whether the discovery rule tolls the statute of limitations, (3) there is a fact question as to whether the claims are barred by res judicata, and (4) the trial court did not rule on or grant appellees' special exceptions.  Second, Mattine challenges the award of attorney's fees to appellees because (5) there are no legal grounds for the award of attorneys' fees, and (6) there was insufficient evidence to support the award.  Finally, Mattine argues that (7) the trial court erred in reaffirming a 1992 judgment by a Lubbock County court.  We reverse and remand.

## I.  BACKGROUND[3]

### A.  Factual History

On September 4, 1987, Warren, Beakley, Garrett and Associates P.C. (WBGA) entered into an agreement to purchase the business assets of Addington & Mattine, P.C. (A&M), an accounting firm based out of New Mexico and owned, at that time, by Mattine and Dawn Addington.  The purchase agreement included a non-compete provision

was the former name of Beakley & Associates, P.C.  After the trial court granted the motion to dismiss, Mattine, Beakley, and Beakley & Associates, P.C. filed an agreed motion to sever and abate the causes of action against Warren and the estate of Steven Garrett, which the trial court granted on December 21, 2011.

[2] Appellees have not filed a brief to assist us with this matter.

[3] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

stating that Mattine and Addington were not to compete with WBGA within 100 miles of Albuquerque, New Mexico for a period of sixty-five months.

The following year, WBGA filed a lawsuit in Lubbock County, Texas for damages and rescission of the contract due to fraudulent misrepresentations made by A&M during the contract negotiations. A&M, although having been duly and legally cited to appear and answer, failed to do so. On January 10, 1989, WBGA obtained a default judgment against A&M, Addington, and Mattine, in which the trial court found:

1. That the testimony in this case shows that the conduct of [A&M, Addington, and Mattine] constitutes fraud;

2. That the actions and conduct of [A&M, Addington, and Mattine] were of a wanton and malicious nature and were intended to harm [WBGA];

3. That the purchase agreement made the basis of this suit has been fully performed by [WBGA], however, [A&M, Addington, and Mattine] have breached their covenants and agreements to [WBGA];

4. That [the] noncompetition agreement . . . is a separate and independent covenant which remains in full force and effect against [A&M, Addington, and Mattine];

5. That [A&M, Addington, and Mattine] are justly indebted to [WBGA] in the sum of [$555,000.00] plus interest from the date of judgment until paid at the maximum legal rate;

6. That any sums remaining due and owing by [WBGA] to [A&M, Addington, and Mattine] pursuant to the purchase agreement shall be set off against the sums awarded to [WBGA] here in and that [WBGA] and any guarantors of the purchase agreement are fully discharged from any further obligation owed to [A&M, Addington, and Mattine] pursuant to the purchase agreement, and no sums remain due and owing by [WBGA] to [A&M, Addington, and Mattine];

7. That all other representations and warranties of [A&M, Addington, and Mattine] in the purchase agreement shall remain in full force and effect. . . .

3

Before the Texas court finalized the judgment, Mattine filed a suit in New Mexico and collaterally attacked its validity. The District Court in Bernalillo County, New Mexico, denied the relief requested by Mattine, and Mattine appealed to the New Mexico Supreme Court. In the meantime, the Texas judgment was finalized and signed on July 1, 1992, and the final judgment awarded WBGA $362,133.00 after offsets for credit due under the purchase agreement to A&M, Mattine, and Addington. Two years later, the New Mexico Supreme Court issued a dispositional order of affirmance upholding the 1992 Texas judgment.

According to Mattine, Steve Garrett, one of the partners of WBGA, moved to Albuquerque to run the business in 1988. When Garrett passed away twenty years later in 2008, Mattine wrote letters to Beakley and Randy Warren, a former partner of WBGA, in which he expressed his condolences for Garrett's passing and requested they inform him of the condition of A&M's assets. Prior to 2008, there had been no communication between Mattine and WBGA or any of its partners since the 1992 judgment, and Mattine did not receive a response to his letters from either Beakley or Warren. On January 28, 2009, Mattine made a formal request through his attorney to Beakley and Warren to provide records and an accounting of the performance of A&M's assets. Mattine received a response from Beakley asserting that the accounting practice had been awarded to WBGA in the 1992 Texas judgment. Warren also responded and stated he had separated from WBGA shortly after the A&M acquisition and that "[t]he benefit of the practice, if any, was retained by [WBGA]."

**B.     Procedural History**

4

Mattine filed the underlying suit on October 1, 2009, and alleged three causes of action:  (1) breach of fiduciary duties based on the imposition of a constructive trust; (2) equitable accounting; and (3) declaratory judgment.  In his petition, Mattine argued that "[e]ach defendant admitted receiving the practice but refused to give an accounting and to deliver the benefits of [A&M] to [Mattine]."  Mattine argued he was restored as the owner of the business when the 1992 judgment rescinded the purchase agreement and that he was prevented from resuming control of the practice because the non-compete provision was upheld.  Consequently, according to Mattine, appellees continued to use and exploit the assets of A&M after being fully compensated and received profits from their continued operation to the exclusion of Mattine.

Appellees filed a general denial on February 28, 2011 and specially excepted to Mattine's petition on the basis that he did not plead a viable cause of action under Texas law; specifically, appellees argued that a claim for breach of a constructive trust is not a separate cause of action in Texas, but instead it is applied as an equitable remedy. Appellees further argued Mattine did not plead (1) all the elements of breach of an informal relationship with special trust or confidence arising prior to the transaction in question or actual fraud, and (2) that Mattine and appellees had a fiduciary relationship and appellees breached their fiduciary duty to Mattine.

Subsequently, on March 4, 2011, appellees filed a motion titled "Motion to Dismiss," in which appellees stated it was based on "three separate and distinct legal grounds":  statute of limitations, res judicata, and failure to state a claim for which relief can be granted under Texas law.  Attached to the motion were unsworn and uncertified

5

copies of the purchase agreement and of judgments and orders regarding the previous litigation in New Mexico and Lubbock County. Appellees also made a claim for attorney's fees and attached affidavits from counsel in support thereof.

Mattine then filed objections and a response to appellees' motion to dismiss and argued, among other things, that: the caption of the motion made the motion fail as to form because it was, if anything, a motion for summary judgment; for a motion to dismiss to be considered, the special exceptions must have been granted, and Mattine must be given an opportunity to replead; and dismissal of a suit based upon the alleged failure to state a cause of action is not recognized by the laws of Texas.

Next, Mattine filed "Plaintiff's Second Amended Original Petition" on March 17, 2011, in which he added causes of action for conversion and for money had and received. Mattine also amended his objections and response to appellees' motion to dismiss and added, among other things, an objection stating "this appears to be either an attempt to have a summary judgment without the proper procedures, notices, and timing required, or a motion to seek dismissal after special exceptions have been granted, which is not the situation before the Court."

Appellees filed a reply to Mattine's objections and response to their motion to dismiss, but did not address Mattine's argument as to the defects in form or content of their motion. Appellees also filed a first amended answer in response to Mattine's second amended petition and denied the allegations therein, but they did not include any special exceptions to Mattine's second amended petition or the newly added causes of action.

6

On June 3, 2011, the trial court held a hearing on appellees' motion to dismiss, at which appellees argued that they had filed a traditional and no evidence motion for summary judgment.[4] Likewise, the trial court repeatedly referred to appellees' motion to dismiss as a hybrid traditional and no-evidence motion for summary judgment, and the court did not mention the motion to dismiss or the possibility that appellees had filed special exceptions. Appellees argued at the hearing that there was no evidence of a fiduciary duty or of the imposition of a constructive trust and that there was evidence the statute of limitations and res judicata applied. Mattine argued the trial court could not grant appellees summary judgment because (1) the evidence attached to appellees' motion had not been properly authenticated to be used in support of summary judgment, and (2) he had raised more than a scintilla in opposition to the no-evidence ground. In regards to the special exception, Mattine argued he had repleaded the case.

On June 24, 2011, the trial court signed an "Order Granting Defendants' Motion to Dismiss" holding that the current matter is barred by the applicable statute of limitations and res judicata and that Mattine had failed to state a claim for which relief could be granted. The judgment stated that Mattine would "take nothing" on all current claims before the court and that his claims were "dismissed, with prejudice." The trial court also awarded attorney's fees to appellees. This appeal followed.[5]

---

[4] The record contains no motion either titled or referencing and arguing for a traditional or no-evidence summary judgment.

[5] The notice of appeal was filed on September 20, 2011, and Mattine filed his appellate brief with this Court on March 19, 2012. On or about April 19, 2012, appellee John Beakley filed a notice of bankruptcy proceedings. Thereafter, this court abated the appeal until the bankruptcy proceedings culminated on or about September 29, 2016. Mattine then filed a motion to reinstate the appeal, which we granted.

## II. SUBSTANCE OF THE MOTION AT THE TRIAL COURT

By his first issue, Mattine argues that the trial court erred when it granted the relief it did because appellees' motion was titled "Motion to Dismiss," as opposed to "Motion for Summary Judgment." Appellees' motion stated it sought to dismiss the lawsuit based on three grounds: the statute of limitations, res judicata, and failure to state a cause of action upon which relief can be granted under Texas law.

### A. Applicable Law

"When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71. Accordingly, courts look to the substance of a plea for relief to determine the nature of the pleading, not merely at the title given to it. *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see* TEX. R. CIV. P. 71. A motion's substance is determined from the body of the instrument and its prayer for relief. *Tex.-Ohio Gas Inc. v. Mecom*, 28 S.W.3d 129, 142 (Tex. App.—Texarkana 2000, no pet.); *see Austin Neighborhoods Council, Inc. v. Bd. of Adjustment of City of Austin*, 644 S.W.2d 560, 565 (Tex. App.—Austin 1982, writ ref'd n.r.e.) ("The pleading's substance is determined by what effect it will have on the proceeding if granted by the trial court."); *see, e.g.*, *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (concluding that motion titled "Original Answer" was not a motion for new trial because the prayer did not seek to set aside an existing judgment and request a litigation of the issues); *Rush v. Barrios*, 56 S.W.3d 88, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (concluding pleading titled "Brief

8

in Support of Fee Forfeiture" was a motion for judgment notwithstanding the verdict because it urged the trial court to ignore the jury's award of attorney's fees and reduce that amount to zero, and it "sufficiently recite[d] that no evidence supports the value assigned by the jury . . . ."); *see also Wells Fargo Bank, N.A. v. Goldberg*, No. 09-10-00386-CV, 2011 WL 662952, at *2 (Tex. App.—Beaumont Feb. 24, 2011, no pet.) (mem. op.) (concluding motion to stay was motion for reconsideration after reviewing body and prayer of the motion).

The Federal Rules of Civil Procedure provide for a motion to dismiss for failure to state a cause of action, but the Texas Rules of Civil Procedure did not contain a similar provision until 2013. *See* FED. R. CIV. P. 12(b)(6); TEX. R. CIV. P. 91a; *In re Butt*, 495 S.W.3d 455, 461–62 (Tex. App.—Corpus Christi 2016, orig. proceeding) (noting Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis while also noting pleading standard in Texas is "fair notice," which is more lenient than the standard under the Federal Rules of Civil Procedure); *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 186 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also* Tex. Sup. Ct. Order, Misc. Docket No. 13-9022 (eff. Mar. 1, 2013) (adopting rule 91a in accordance with Act of May 25, 2011, 82nd Leg., R.S., ch. 203, §§ 1.201, 2.01 (H.B. 274)). Prior to 2013, such a complaint was considered in Texas state court to be a general demurrer, which is prohibited by Rule 90. *See* TEX. R. CIV. P. 90; *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983); *see also Centennial Ins. v. Comm. Union Ins.*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ). Therefore, prior to the adoption of Rule 91a, the proper way for a defendant to

9

urge that a plaintiff had failed to plead a cause of action permitted by law was to file special exceptions and a motion to dismiss, not a motion for summary judgment. *See Massey*, 652 S.W.2d at 934; *Tex. Dep't of Corrs. v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974) ("This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings . . . fail to state a cause of action.   To do so would revive the general demurrer discarded by Rule 90."); *see also Trevino v. Ortega*, 969 S.W.2d 950, 951 (Tex. 1998); *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 & n.1 (Tex. 1998).

"Although special exceptions are generally filed to force clarification of vague pleadings, they may also be used to determine whether the plaintiff has stated a cause of action permitted by law."   *Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied) (citing TEX. R. CIV. P. 91; *San Benito Bank & Tr. Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex. App.—Corpus Christi 2000, no pet.)).   Thus, a defendant may challenge the sufficiency of the plaintiff's pleadings to state a cause of action by specifically pointing out the defect or reason that the claim is invalid; however, if a trial court sustains a party's special exceptions, it must give the pleader an opportunity to amend the pleading before dismissing the case.   *See Friesenhahn*, 960 S.W.2d at 658 (citing *Herring*, 513 S.W.2d at 10); *Mowbray*, 76 S.W.3d at 677.   If a party refuses to amend, or the amended pleading fails to state a cause of action, then dismissal or summary judgment may be granted.   *See Friesenhahn*, 960 S.W.2d at 658; *Massey*, 652 S.W.2d at 934*.*

10

On the other hand, statute of limitations and res judicata are affirmative defenses which should be disposed of in a motion for summary judgment, not a motion to dismiss. *See Montgomery Cty. v. Fuqua*, 22 S.W.3d 662, 669 (Tex. App.—Beaumont 2000, pet. denied) ("Affirmative defenses are 'pleas in bar,' and do not provide a justification for summary dismissal on the pleadings."); *see, e.g.*, *Dallas Cty. v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied) (statute of limitations); *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 197 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (res judicata). An affirmative defense or "plea in bar" operates to prohibit the assertion of a cause of action and involves the final disposition of a case. *See In re A.M.*, 936 S.W.2d 59, 62 (Tex. App.—San Antonio 1996, no writ). Accordingly, an affirmative defense is not typically disposed of in a preliminary hearing, such as a motion to dismiss, unless the parties agree to such method of disposition or summary judgment procedure is utilized. *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354–55 (Tex. App.—San Antonio 1999, pet. denied); *see Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex. 1958); *In re K.B.S.*, 172 S.W.3d 152, 153 (Tex. App.—Beaumont 2005, pet. denied) ("Unless affirmatively negated by the plaintiff's pleadings, an affirmative defense must be proven at trial or through summary judgment proceedings."); *see also* TEX. R. CIV. P. 166a. In such case, the reviewing court will review the record as if summary judgment was granted to determine whether the movant satisfied the notice requirements and his burden of proof under Texas Rule of Civil Procedure 166a. *Martin*, 2 S.W.3d at 355.

**B. Analysis**

11

Here, the trial court signed its "Order Granting Defendant's Motion to Dismiss" on June 24, 2011, and therefore rule 91a of the Texas Rules of Civil Procedure could not be used as a basis for dismissing Mattine's claims. The contested motion filed by appellees included a special exception (i.e., failure to state a viable cause of action upon which relief can be granted) and two pleas in bar (i.e., statute of limitations and res judicata), and the trial courted granted relief on all three grounds; however, the motion was titled motion to dismiss. Thus, we must first analyze the motion's body and prayer to determine if it was one for summary judgment. *See Tex.-Ohio Gas Inc.*, 28 S.W.3d at 142.

In the body of the motion, appellees' arguments in support of both res judicata and statute of limitations stated that Mattine's claims should be dismissed and did not mention or request summary judgment at all. As to the statute of limitations, the motion stated "there is no legal basis to toll the statute of limitations and the claim should be dismissed as time barred from the date of the [1992] Final Judgment." As to res judicata, the motion stated "[t]he court should not permit this attack on a previously fully litigated matter and should dismiss based on res judicata or judicial estoppel." The motion is completely void of any reference to Texas Rule of Civil Procedure 166a, to judgment as a matter of law, or to whether there is a genuine issue of a material fact. *See* TEX. R. CIV. P. 166a(c).

Oddly enough, the only reference to "summary judgment" in any part of the motion is in the paragraph addressing appellees' special exception. In its section addressing Mattine's alleged failure to state a cause of action, appellees' motion states:

> The court should grant [appellees'] motion for summary judgment because [Mattine] fails to state a cause of action upon which relief can be granted under Texas law. [Mattine's] pleadings fail to state a legally cognizable cause of action against Beakley for the reasons that this matter has been

12

adjudicated to a Final Judgment and upheld subsequent review in Texas and by the New Mexico Supreme Court. Additionally, imposition of a constructive trust is an equitable remedy and not a separate cause of action under Texas law.

We conclude that the body of appellees' motion does not indicate that the substance of the motion was one of a motion for summary judgment; rather, if anything, the body of the motion indicates that the substance was one of a motion to dismiss based on a special exception. *See* TEX. R. CIV. P. 166a; *Tex.-Ohio Gas Inc.*, 28 S.W.3d at 142; *see also Goldberg*, 2011 WL 662952 at *2.

Like the body of the motion, the prayer for relief also indicates that the motion was not a motion for summary judgment. The motion states:

> [Appellees] pray that this motion be set for hearing and upon hearing of the motion that [appellees] be dismissed, with prejudice, with respect to any and all claims of [Mattine] against [appellees]. [Appellees] pray that any and all claims [against] them by [Mattine] be dismissed from this cause with costs and fees awarded to [appellees].

Here, appellees prayed for the suit to be dismissed with prejudice, which is the relief available for a motion to dismiss preceded by a sustained special exception. *See Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 608 (Tex. App.—Corpus Christi 1992, no writ); *Hajdik v. Wingate*, 753 S.W.2d 199, 202 (Tex. App.—Houston [1st Dist.] 1988) *aff'd*, 795 S.W.2d 717 (Tex. 1990) ("If the special exceptions could have been cured by amendment, dismissal should be without prejudice."); *see also Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) ("[A] plea in bar, if sustained, would require a judgment that the claimant take nothing."); *Zamarripa v. Bay Area Health Care Grp., Ltd.*, No. 13-15-00024-CV, 2016 WL 6962009, at *2–3 (Tex. App.—Corpus Christi Nov. 21, 2016, pet. denied) (mem. op.) (concluding that a motion stating a party's objections was a motion to

13

dismiss despite praying for the court to "sustain their objections" because the motion also asked for "such other and further relief").

Looking at the body of the motion and the prayer for relief, we conclude that appellees' motion was not a motion for summary judgment, but a motion to dismiss based on a special exception. *See Barry*, 193 S.W.3d at 74; *Rush*, 56 S.W.3d at 92; *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ); *see also Goldberg*, 2011 WL 662952 at *2; *Nabors Well Servs. Co. v. Aviles*, No. 06-10-00018-CV, 2010 WL 2680087, at *1 (Tex. App.—Texarkana July 7, 2010, no pet.) (mem. op.). Therefore, the trial court could not have disposed of the case through summary judgment based on appellees' affirmative defenses of statute of limitations or res judicata. *See* TEX. R. CIV. P. 166a(c); *Centennial Ins.*, 803 S.W.2d at 482 (concluding that motion to dismiss is not a proper procedural tool for summary adjudication of an action); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ) (same). Likewise, the trial court could not have dismissed the case based on the special exception, as it did not give Mattine the opportunity to replead, nor did appellees file special exceptions against Mattine's second amended petition. *See Friesenhahn*, 960 S.W.2d at 658; *Geochem Labs. v. Brown & Ruth Labs.*, 689 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

We note there is case law establishing that summary judgment granted over a party's objection that the motion is improperly titled "motion to dismiss" can be affirmed, but this is only if the hearing and disposition can be characterized as one of summary judgment. *See Pipes v. Hemingway*, 358 S.W.3d 438, 447 (Tex. App.—Dallas 2012, no

14

pet.); *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 676 (Tex. App.—Dallas 2011, no pet); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (citing *Martin*, 2 S.W.3d at 353); *Walker v. Sharpe*, 807 S.W.2d 442, 446–47 (Tex. App.—Corpus Christi 1991, no writ). But for the disposition and hearing to be characterized as summary judgment, the summary judgment evidence in support of the motion must be sworn or certified. *See* TEX. R. CIV. P. 166a(f); *Boswell v. Handley,* 397 S.W.2d 213, 216 (Tex. 1965); *Tex. Underground Inc.*, 335 S.W.3d at 676; *Walker*, 807 S.W.2d at 447. Here, our review of the record shows that the copies of the documents attached to appellees' motion were not sworn or certified. Thus, based on this record, we conclude the proceeding before the trial court was not a proper summary-judgment proceeding. *See Boswell*, 397 S.W.2d at 216; *Tex. Underground Inc.*, 335 S.W.3d at 676; *Walker*, 807 S.W.2d at 447.

We sustain Mattine's first issue.[6]

### III. CONCLUSION

The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Justice

Delivered and filed the
19th day of July, 2018.

---

[6] Because we find Mattine's first issue dispositive, we need not address his other issues on appeal. *See* TEX. R. APP. P. 47.4.