**Louise BARNEY, Appellant,**

v.

**CREDIT PLAN CORPORATION, Appellee.**

No. 14489.

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1966.

Charles S. Johnson, San Antonio, for appellant.

Dibrell, Gargner, Dotson & Coulter, and Luther Coulter, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by appellee, Credit Plan Corporation, against Arthur W. Barney and wife, Louise Barney, seeking judgment on a promissory note in the principal sum of $522.00, together with interest at 10%, and an attorney's fee of 15% on the unpaid balance, and further seeking foreclosure of a chattel mortgage. Arthur W. Barney did not file an answer but wholly made default. Louise Barney filed her answer consisting of a plea of coverture and a general denial. The court overruled her plea of coverture by order of October 28, 1965. Appellee made a motion for a summary judgment, based entirely upon pleadings, which was granted for the full amounts alleged to be due on the note, and for foreclosure of the chattel mortgage. Louise Barney alone has prosecuted this appeal.

Appellant's point of error is as follows:

"The trial court erred in granting appellee's motion for summary judgment for the reason that neither the original of the alleged promissory note, nor a sworn copy thereof was attached to either appellee's pleadings or appellee's motion for summary judgment, and, therefore, under appellant's general denial, there were material issues of fact as to all matters required to be proved by appellee which were not expressly required to be denied under oath by the Texas Rules of Civil Procedure."

In view of the answer filed by appellant containing a general denial, it was necessary for appellee in this summary judgment proceeding to attach the original note or a verified copy thereof, either to its pleadings, its motion for summary, or to present it by deposition. Boswell v. Handley, 397 S.W.2d 213 (Tex.1965); Sidran v. Tanenbaum, Tex.Civ.App., 391 S.W. 2d 93; Alexander v. Houston Oil Field Material Co., Tex.Civ.App., 386 S.W.2d 540.

We cannot consider the statements contained in the briefs with reference to whether or not the original note was produced at the hearing on the motion for summary judgment, as they are out of the record.

The summary judgment should not have been granted and accordingly the judgment of the trial court is reversed and the cause remanded for a new trial.