B. E. NETHERLAND, Appellant,

v.

Van E. WITTNER, Successor
Administrator, Appellee.

No. B2765.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 22, 1981.

Sam J. Meador, Houston, for appellant.

Van E. Wittner, Houston, for appellee.

Before PAUL PRESSLER, MURPHY
and ROBERTSON, JJ.

ROBERTSON, Justice.

Defendant appeals from the granting of
plaintiff's motion for summary judgment.
We reverse the trial court's judgment and
remand.

In 1970, Freddie Cooper Lovejoy, now
deceased, executed a promissory note pay-
able to B. E. Netherland or order. The note
states that the sum of four thousand dollars
($4,000) with interest at 7½% is payable in
monthly installments of fifty dollars
($50.00) and that the interest is "included in
the fifty dollars ($50.00) monthly payment."
The deed of trust securing payment of the

note calls for "four thousand dollars ($4,000.00) at 7½% interest payable in monthly installments of fifty dollars ($50.00) including interest."

Subsequent to the death of Freddie Cooper Lovejoy, Van E. Wittner, as successor administrator of Lovejoy's estate, made payments to Allied Bank of Texas and received from them a record of those payments up to August 19, 1977 when the four thousand dollars ($4,000.00) balance was allegedly paid in full.

Following requests of defendant Netherland to release his vendor's lien and his refusal to do so, Wittner filed suit to remove the cloud from title to the real estate involved and to require defendant to execute a release of lien. Defendant answered and filed his own petition, alleging the note was not fully satisfied by payment of four thousand dollars ($4,000.00).

Plaintiff filed his motion for summary judgment with supporting documents and defendant answered that the motion did not "state sufficient allegations" upon which a summary judgment could be rendered and that a "question of law" was involved as to whether the promissory note was paid in full.

The trial court entered judgment granting plaintiff's motion for summary judgment and denying defendant's motion in opposition and objection to the affidavit on plaintiff's motion for summary judgment.[1] Defendant appeals.

The question before us is a basic one: whether appellee's summary judgment proof shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

■ It is clear that the burden of proof in a summary judgment proceeding is on the movant. The non-movant need not answer; but if he does, he must *expressly present* any fact issue which he later intends to rely on for appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ In meeting this burden, the movant must attach to his motion that which he offers as proof of his right to a judgment as a matter of law. Such proof may consist of depositions, admissions, answers to interrogatories, affidavits, supporting documents, and, in some circumstances, pleadings.

In the case before us, appellee attached to his motion for summary judgment his own affidavit and the unsworn answers to interrogatories of Peggy Nulph, supervisor of collections of the Allied Bank of Texas. Included as part of the interrogatories are certified copies of a bank record, the promissory note, two letters, a standard bank form, and a record of payments by Freddie Cooper Lovejoy.

■ In his first point of error, appellant contends that the pleadings are legally insufficient because the terms of the note and payments made under them are not pled and neither the original note nor a verified copy thereof is attached to the pleadings or the motion for summary judgment. Appellants rely on *Barney v. Credit Plan Corp.*, 403 S.W.2d 230 (Tex.Civ.App.—San Antonio 1966, no writ). However, the summary judgment in that case is based entirely on the pleadings. More to our purposes here is the reasoning in *Boswell v. Handley*, 397 S.W.2d 213 (Tex.1965) which is cited in *Barney*. The Boswell court affirmed a Court of Civil Appeals reversal of a motion for summary judgment where an uncertified and unverified copy of a will was attached only to pleadings, and references to the purported will in pleadings of the respondents did not constitute judicial admissions. Here, however, appellant not only referred to the promissory note in question, he clearly pled its terms and attached copies of it and the deed of trust to his own petition. It is, in fact, the basis of his claim. Appellant's first point of error is overruled.

Points of error two, three, four, and five are all directed at the summary judgment

---

1. The record before us contains no such objection. Tex.R.Civ.P. 166–A(c) expressly requires that issues must be "expressly presented" to the trial court *in writing* to be considered on appeal.

evidence offered by appellee. As noted above, the proffered evidence consisted of appellee's affidavit and the interrogatories of Peggy Nulph of Allied Bank. The latter includes letters and bank records.

■ Tex.R.Civ.P. 168(2) sets out the uses of interrogatories to parties and says that answers "may be used only against the party answering the interrogatories." *United Services Automobile Ass'n v. Ratterree*, 512 S.W.2d 30 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Stone v. Lawyers Title Ins. Corp.*, 537 S.W.2d 55 (Tex.Civ. App.—Corpus Christi 1976), *aff'd in part and rev'd in part on other grounds*, 554 S.W.2d 183 (Tex.1977). In the case before us, Ms. Nulph is not a party to this suit, nor are her answers being used against her. Thus, even though her answers are not made under oath as required by Tex.R. Civ.P. 168(5) as appellant complains, and even though appellant did not "expressly present" such issue to the trial court during the hearing on appellee's motion for summary judgment as required by Tex.R.Civ.P. 166–A(c) and *City of Houston, supra*, we find her answers inadmissible as against appellant. Without her answers to interrogatories, the bank records purportedly showing final payment on the note are never authenticated.

■ The sole basis for appellee's motion for summary judgment then is his own affidavit. While there may have been some objections to the affidavit as evidenced by a recital in the judgment that such motion objecting to the affidavit is denied, no such objection is in the record before us.

In appellee's affidavit, he states that he has

personally reviewed the records of Allied Texas Bank relative to the issues as to execution and payment of such Promissory Note having reviewed same in person and I am competent to testify to the matters stated in the pleadings on file herein. That as the Successor Administrator of the said Estate I made the last payment due on such Promissory Note on or about August 19, 1977 and that subsequent to such date neither the Allied

Bank of Texas nor the Defendant, B. E. Netherland, contacted me demanding that additional sums were due on said Promissory Note as alleged by the said Defendant. That the records of Allied Bank of Texas, which I personally discussed with Ms. Peggy Nulf [sic] of the collection Department of Allied Bank of Texas and those of the said Estate show that the said Promissory Note was paid in full according to the tenor and terms set forth in such Promissory Note and payment records thereof.

Tex.R.Civ.P. 166–A(e) provides that supporting and opposing affidavits shall be made on *personal knowledge* and shall set forth such facts as would be *admissible in evidence.*

In *Youngstown Sheet and Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962), the Supreme Court, in addressing the issue of the sufficiency of the affidavit, said "[a]lthough there is no express requirement that the affidavits state that they are made on the personal knowledge of the affiant, we think this in the intendment of the rule. Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand." *Accord, Crystal City Independent School District v. Wagner*, 605 S.W.2d 743 (Tex.Civ.App.—San Antonio 1980, writ ref'd n. r. e.).

Likewise in the case of *Crain v. Davis*, 417 S.W.2d 53 (Tex.1967), the Supreme Court rejected an affidavit containing "mere conclusions of the affiants" as insufficient in summary judgment proceedings saying: "[T]he facts stated in an affidavit given in support of a motion for summary judgment must be so worded that if the testimony were given from the witness stand during the trial it would be admissible." *Accord, Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex. 1972).

And in *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958), the Supreme Court was

concerned with the sufficiency of an affidavit made by the attorney in whose favor summary judgment was granted. The affidavit attempted to authenticate "purported copies of summary accounts of total fees collected and purported copies of schedules of fees of office paid into the treasury for the same year, plus photostatic copies of 194 checks payable to cash or to Garcia and signed by him" with the statement "[A]ll of the copies of the instruments described in the defendant's motion for summary judgment, Exhibits A to T, inclusive, are true copies of said instruments or the records from which they were taken." In holding the affidavit insufficient to support a summary judgment, the Supreme Court stated: "[O]bviously, the statement of the attorney, if given on the witness stand, would not be competent to identify public documents, nor would it establish that Garcia himself had signed the checks or for what purpose they were executed." *Accord, Phagan v. State*, 510 S.W.2d 655 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).

We hold that the appellee's affidavit supporting his motion for summary judgment was not sufficient proof upon which the trial court could grant summary judgment. Accordingly, we sustain appellant's points of error two through five.

By point of error six, appellant contends costs should be taxed against appellee. We need not address this contention in view of our disposition of the appeal.

The judgment is reversed and the cause is remanded to the trial court.