**Rudy NAVA and Christina Machado, Appellants,**

v.

**Emanuel A. STEUBING and Wilma A. Steubing, Appellees.**

**No. 04–84–00244–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 31, 1985.

Rehearing Denied Dec. 31, 1985.

John M. O'Connell, San Antonio, for appellants.

Gordon V. Armstrong, Bobby D. Myers, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and REEVES, JJ.

ESQUIVEL, Justice.

This is an appeal from a summary judgment rendered in favor of appellees, Emanuel A. Steubing and wife, Wilma A. Steubing (Steubing), against appellants, Rudy Nava and Christina Machado (Nava and Machado). Steubing sued Nava and Machado seeking to quiet title to 49.82 acres of land. Steubing also sought to cancel and annul a sheriff's deed and a deed from Jose R. Machado to Christina Machado.

Nava and Machado answered by pleading not guilty; general denial; the three (3) year statute of limitations, TEX.REV.CIV. STAT.ANN. art. 5507 (Vernon 1958); the five (5) year statute of limitations, TEX. REV.CIV.STAT.ANN. art. 5509 (Vernon 1958); and both laches and the four (4) year statute of limitations, TEX.REV.CIV. STAT.ANN. art. 5529 (Vernon 1958). Steubing brought a motion for summary judgment which was granted and entered by the Honorable Peter Michael Curry.

The procedural history of this case began with Steubing's original petition filed with the trial court on March 25, 1983. Nava and Machado's original answer was filed April 25, 1983. Several answers to requests for admissions were subsequently filed as well. Steubing's motion for summary judgment and a supporting affidavit were filed November 8, 1983. On December 21, 1983, Nava and Machado filed a motion for leave to file their written response to the motion for summary judgment. The transcript does not reflect a trial court order granting leave to file this response. Steubing filed a brief on his motion for summary judgment. The trial court heard the summary judgment evidence on December 15, 1983. The trial transcript contains Nava and Machado's written response, supporting affidavit and counterclaim as filed on December 21, 1983. On February 14, 1984, the trial court rendered summary judgment for Steubing. Nava and Machado subsequently filed a motion for new trial which was denied by the trial court.

Initially, this court granted Steubing's motion for the inclusion of a supplemental transcript containing the depositions of Nava and Machado. However, after Nava and Machado filed a subsequent motion to amend the record by striking such depositions, this court struck the supplemental transcript containing the unsigned depositions because they were not filed in the trial court until some five months after the summary judgment was signed.

A court of appeals is required to view summary judgment proof in the light most favorable to the nonmovant and to resolve *against* that party any doubt as to the existence of a genuine issue of material fact. *Mays v. Foremost Insurance Co.*, 627 S.W.2d 230, 233–34 (Tex.App.—San Antonio 1981, no writ). When the summary judgment record is incomplete, omitted evidence is presumed to establish the correctness of the judgment and the reviewing court must affirm the judgment of the trial court. *Ingram v. Fred Oakley Chrysler-Dodge*, 663 S.W.2d 561, 561–62 (Tex.App.— El Paso 1983, no writ).

TEX.R.CIV.P. 166–A(c) states that "except on leave of court, the adverse party, not later than seven days prior to the hearing may file and serve opposing affidavits or other written response." Even though the transcript contains Nava and Machado's written response and supporting affidavit in opposition, the transcript does not contain an order granting leave to file. The judgment is silent regarding whether the trial court considered Nava and Machado's written response and supporting affidavit. Although courts sometimes allow a late response, a response should always be timely filed. *Travelers Construction v. Warren Brothers Co.*, 613 S.W.2d 782 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). It is entirely within the discretion of the trial court to allow the late filing of opposing proof or to consider any late-filed answer at any time before signing of the summary judgment. *Harvey v. Alexander*, 671 S.W.2d 727, 729 (Tex.App.—Fort Worth 1984, no writ). Where the trial court does allow a late filing of a response to a motion for summary judgment, the record must reflect an affirmative indication of such an acceptance; in the absence of such an indication, it is the duty of this court to presume that the trial court refused a late filing of a response, even if said response appears as part of the transcript. *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985); *Yates v. Equitable General Insurance Co. of Texas*, 684 S.W.2d 669, 670 (Tex.1985). The judgment of the trial court implies that the court declined to exercise

its discretion in granting leave to file the opposing response and affidavit. Such a refusal is not an abuse of discretion. Accordingly, we find that there was no response by Nava and Machado to the motion for summary judgment. We hold that since Nava and Machado "neither responded to the motion for summary judgment nor specified fact issues for the trial court, no issues have been preserved for the purposes of this appeal." *Feller v. Southwestern Bell Telephone Co.*, 581 S.W.2d 775, 777 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). The nonmovant must expressly present to the trial court competent summary judgment proof to establish a material fact issue. *Blum v. Mott*, 664 S.W.2d 741, 744–45 (Tex.App.—Houston [1st Dist.] 1983, no writ). In the absence of a written response and supporting affidavit, issues may not be raised for the first time on appeal.

The primary issue before this court is whether the grounds expressly presented to the trial court by Steubing's motion are insufficient as a matter of law to support summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

In its judgment, the trial court states that it considered the pleadings, depositions, affidavits, and arguments of counsel. Steubing's affidavit submitted in support of his motion for summary judgment states:

(1) There is no genuine issue of any material fact regarding his petition and he is entitled to a judgment as a matter of law.

(2) On or about September 11, 1975, Steubing purchased 49.82 acres of land from Vernon S. Weir.

(3) The deed to that land was recorded October 6, 1975 and a certified copy attached to the affidavit as Exhibit 'A'.

(4) Steubing paid the taxes on the property.

(5) Steubing has been in continuous possession of the property since 1975 and has made numerous improvements which included a cattle watering trough, a new fence and an aluminum fence.

(6) Steubing also owned property adjacent to the contested land.

The trial court must review affidavits based on personal knowledge and setting forth facts which would be admissible in evidence. *Netherland v. Wittner*, 624 S.W.2d 685, 687 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). The supporting affidavit must set forth facts and not legal conclusions. *Harbour Heights Development, Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Steubing's affidavit supporting his motion for summary judgment meets these tests. Absent Nava and Machado's written response and affidavit in opposition, the summary judgment evidence includes only answers to requests for admissions of all parties, and Steubing's motion for summary judgment and supporting affidavit. The requests for admissions contain references to the deeds from Jose R. Machado to Christina Machado, from Vernon S. Weir to Steubing and the sheriff's deed to Nava and Machado. The trial court's order indicates it considered these deeds. The court found the deeds from Jose R. Machado to Christina Machado and the sheriff's deed to Nava and Machado to be null and void as creating a cloud on Steubing's title. Pursuant to the reasoning in *Clear Creek*, we decline to find that Steubing's motion for summary judgment is insufficient as a matter of law. We hold that the trial court did not err in granting Steubing's motion for summary judgment.

Steubing also filed a motion with this court for attorney's fees pursuant to TEX.R.CIV.P. 435 alleging that this appeal was frivolous. TEX.R.CIV.P. 435 does not support the awarding of attorney's fees as a penalty for a frivolous appeal. Rule 435 only permits an appellate court to award an additional ten percent

penalty on the ground that the appeal was taken for delay. In addition, a reviewing court is required to inspect the entire record and notice any error, whether assigned or not, and assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith but for delay only. *State v. Dikes*, 625 S.W.2d 18, 21 (Tex.App.—San Antonio 1981, no writ). Nava and Machado filed a response with the trial court; the trial court's refusal to consider it as summary judgment evidence and their reliance upon same on appeal cannot be construed as an appeal for purposes of delay. We refuse to award a ten percent penalty under the guise of a frivolous appeal. We see no reason why this court should award to Steubing his attorney's fees in this appeal as special damages.

Steubing also cites this court to an unpublished opinion by the Court of Appeals for the Fifth Supreme Judicial District as support for his motion for attorney's fees. TEX.R.CIV.P. 452(f) clearly states that unpublished opinions shall not be cited as authority by counsel or by court.

Accordingly, we affirm the summary judgment granted by the trial court and deny Steubing's motion for attorney's fees.