**Elsa C. GUAJARDO, Appellant,**

v.

**Ricardo CHAVANA III, Appellee.**

No. 04–87–00152–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 30, 1988.

Rehearing Denied Dec. 30, 1988.

Danto Ramos, Person, Whitworth, Ramos, Borchers & Morales, Laredo, R. Stephen McNally, Law Offices of R. Stephen McNally, Austin, for appellant.

Francisco J. Saldana, Jr., Law Offices of Francisco J. Saldana, Jr., Laredo, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

REEVES, Justice.

Appellant and appellee have each filed a Motion for Rehearing. Appellant's motion, in part, is affirmed. This opinion is a substitute for the original opinion, dated July 13, 1988, of this court.

This is a summary judgment case. Ricardo Chavana Jr. was survived by a wife (Ninfa Chavana), a son born during a prior marriage (appellee Ricardo Chavana III), and two women whose mothers he apparently never married (appellant Elsa Guajardo and Gloria Chavana). Appellee applied for and was appointed to be the temporary administrator of his father's estate.

Appellee then filed an application for declaration of heirship, by which he sought to have himself and Ninfa Chavana declared his father's sole heirs. Appellee moved for summary judgment on the application. The trial court granted his motion, holding that: (1) Ricardo Chavana Jr. died intestate and (2) his sole heirs are appellee and Ninfa Chavana.

Elsa Guajardo argues on appeal that the trial court erred in finding that Ricardo Chavana Jr. died intestate. She also argues that the trial court erred in: (1) applying TEX.PROB.CODE ANN. § 42(b), which determines how children born out of wedlock share in their father's estates, because it is unconstitutional; and (2) not finding that she had been equitably adopted. She also asks that if this court reverses any part of the trial court's judgment, we also reverse it as to Gloria Chavana even though she did not appeal the trial court's judgment. We agree that the trial court erred in finding that Ricardo Chavana Jr. died intestate and that the trial court's judgment should be reversed. We also agree that the judgment should be reversed as to Gloria Chavana. The appellant's other arguments lack merit.

## INTESTACY

■ Appellee stated in his affidavit supporting his application for summary judgment:

My father, Ricardo Chavana, Jr., died intestate on July 28, 1985 as evidenced by certified copy of Death Certificate attached hereto as Exhibit "B".

Exhibit B is a copy of Ricardo Chavana Jr.'s death certificate and it contains no evidence as to him having died intestate. Appellee testified in a deposition that his father once told him, after being prodded to do so, that he had a will. Appellee also testified that he thought his father had told him that in order to end the prodding. The evidence was uncontested that no search had been made of Ricardo Chavana Jr.'s papers to see if they included a will.

A summary judgment movant must conclusively prove all elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *See also Republic National Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986) (affidavits as sole basis for summary judgment must be uncontroverted, clear, positive, direct, and free of contradictions and inconsistencies). Courts of appeals are required to view summary judgment evidence in the light most favorable to the non-movant. *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ). Affidavits supporting summary judgment motions must set forth facts, not legal conclusions. *Id.* at 671. We are of the opinion that appellee did not conclusively prove that his father died intestate. While his affidavit stated that was the case, it provided no supporting evidence. Appellee testified that his father told him he was testate, and no search of his father's papers was made. Appellee did not, therefore, conclusively prove that his father died intestate. The trial court erred in ruling that Ricardo Chavana Jr. died intestate. Because of that, the trial court's determination of who

are Ricardo Chavana Jr.'s heirs was premature.

 TEX.PROB.CODE ANN. § 48(a) (Vernon 1980) states that if a person dies intestate, then a court that has jurisdiction may determine who are the intestate's heirs. Here, since the trial court erred in granting a summary judgment that Ricardo Chavana Jr. died intestate, the determination of heirship was premature.

In addition, the order that appointed appellee the temporary administrator of his father's estate ordered the holders of all "property, documents, and records" of whatever kind belonging to Ricardo Chavana Jr. to deliver them to appellee. It also ordered appellee to "take possession of the property of the Estate for the purpose of caring for and preserving it" until the trial court approved an accounting of it. Appellee filed a bond to insure that he would "well and truly, faithfully perform all the duties required of him" as the temporary administrator of his father's estate. It was uncontested in the summary judgment evidence that Ninfa Chavana continued to possess her late husband's papers and records and that that was the reason no search had been made of them for a will belonging to Ricardo Chavana Jr.

It is obvious that appellee did not comply with the order of temporary administration because he did not collect the documents and records belonging to his father that are in Ninfa Chavana's possession. The order appointing appellee temporary administrator contemplates that he act affirmatively to protect his father's estate for the benefit of his father's creditors and heirs, whoever they might later be determined to be. That he should do.

The trial judge erred in rendering a summary judgment determining that the decedent, Ricardo Chavana Jr. died intestate.

### FAILURE TO APPEAL

Appellant asks that relief be granted to herself and to Gloria Chavana, who filed no notice of appeal or cost bond. Appellee argues that whatever ruling this court makes in relation to appellant, we must affirm as to Gloria Chavana because she did not appeal the summary judgment.

A proceeding to administer a decedent's estate is one *in rem. Price v. Smith*, 109 S.W.2d 1144, 1147 (Tex.Civ. App.—Eastland 1937, writ dism'd); 31 Am. Jur.2d *Executors and Administrators* § 5 (1967). If a proceeding *in rem* is reversed as to one party it is reversed as to all parties. *Hatten v. City of Houston*, 373 S.W.2d 525, 531 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). *In rem* judgments bind the whole world, and that is so whether the persons who have rights in the proceeding's subject matter and were personally served answered or not. *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336 (Tex.1968). Since the proceeding before the trial court was one *in rem*, it is reversed as to all parties who have an interest in Ricardo Chavana Jr.'s estate.

Since we have determined the testacy of the estate of Ricardo Chavana Jr. has not been determined, it is unnecessary that we pass on the adoptive status of appellant.

The trial court's judgment is reversed and the cause is remanded.

CANTU, J., concurs without opinion.