DISSENTING OPINION



No. 04-97-00916-CV



Robert E. NEIMES, M.D., Gary Woo, M.D., Individually and in Their Official Capacities,

Texas Center for Infectious Disease, San Antonio State Chest Hospital, and Texas Department of
Health,

Appellants



v.



Kien Chung TA & Stephen Fisher,


Appellees



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 95-CI-09760


Honorable Peter Michael Curry, Judge Presiding



Opinion by: Karen Angelini, Justice

Dissenting opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: November 25, 1998


 Reminiscent of dark images from Solzhenitsyn's Gulag Archipelago, Kien Chung Ta and
Stephen Fisher filed suit against the Texas Department of Health, the San Antonio State Chest
Hospital, and two doctors associated with the hospital, alleging Ta and Fisher were the victims of
gross mistreatment while hospitalized for treatment of tuberculosis. The Department, the Hospital,
and Drs. Neimes and Woo denied the allegations and sought summary judgment declaring them
immune from liability under the very difficult facts of this case, which all too clearly reveal the
precarious position of doctors and health care facilities when they treat non-compliant patients who
have dangerous contagious diseases. But no trial court or jury will ever have the opportunity to sift
through the evidence and grapple with the important issues presented, because a majority of this
court has concluded that they cannot determine whether the trial court considered Ta and Fisher's
late-filed response to the motion for summary judgment. Unable to determine whether the response
was considered by the trial court, the majority presumes that it was not, ultimately leading the
majority to substantially reverse the trial court's ruling on the motion for summary judgment.
Because the record before this court indicates that the trial court did consider Ta and Fisher's late-filed response to the motion for summary judgment, and because the response precludes summary
judgment in favor of the appellants, I dissent.

 The response to the motion for summary judgment with attached affidavits should be
considered by this court because the record indicates that it was considered by the trial court. The
majority relies on numerous cases, several from this court, which stand for the proposition that
appellate courts presume the trial court did not consider a late-filed response unless the record
indicates that the trial court granted leave to file the untimely response.(1) The cases cited in the
majority opinion are all similar in that there was nothing in the record in those cases which the
appellate court could cite as evidence that the trial court allowed the late-filed response. See INA
of Texas v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985) ("nothing appears of record to indicate that the
late filing was with leave of court"); Evans v. Conlee, 741 S.W.2d 504, 509-10 (Tex. App.--Corpus
Christi 1987, no writ) ("record does not reflect that leave of court to file a late response was
requested or granted;" since controverting affidavit not mentioned in the judgment, court presumed
it was not considered); Pinckley v. Gallegos, 740 S.W.2d 529, 531 (Tex. App.--San Antonio 1987,
writ denied) (record failed to "reflect that any request for leave to file a late response" was filed and
was silent about whether the trial court considered the untimely response); Nava v. Steubing, 700
S.W.2d 668, 670-71 (Tex. App.--San Antonio 1985, no writ) (response to summary judgment and
motion for leave to file late response were both filed six days after the summary judgment hearing;
there was no order on the motion for leave and the judgment was otherwise silent about the late-filed
response; court presumed that the trial court did not allow the late-filed response).

 The cited cases are distinguishable from the instant case. In this case, the record does not
contain an order permitting the late-filed response, but the record does reflect that the trial court
considered the response. Appellants received a copy of Ta and Fisher's response to the motion for
summary judgment in time to prepare written objections to the response and the attached affidavit
of Dr. Aitcheson.(2) Appellants' written objections were ruled upon by the trial court, and the court's
written rulings are contained in the record. This is surely evidence that the trial court allowed the
late-filed response. Why would the trial court rule on objections if it was not going to consider the
response at all because of its untimely filing?(3) By contrast, none of the cases relied on by the
majority involve a situation where there was a ruling by the trial court on substantive objections to
the response. When, as here, the record reflects that late-filed pleadings were considered by the trial
court, then any failure to obtain permission for the late-filing is corrected. See Goswami v.
Metropolitan Savings & Loan Ass'n, 751 S.W.2d 487, 490 (Tex. 1988); Rath v. State, 788 S.W.2d
48, 50 (Tex. App.--Corpus Christi 1990, writ denied).

 Additionally, appellants have waived their complaint about the late-filed response.
Undoubtedly Rule 166a places on Ta and Fisher the burden to obtain permission to file their
response late. It does not follow, however, that placement of that burden on the non-movants
thereby relieves the movants of the duty to object to a late-filed response. Here, the appellants filed
substantive objections to the response and controverting evidence, obtained written rulings on those
objections, and then "laid behind the log" until appeal before raising any objection about the
timeliness of the response. This exemplifies the type of gamesmanship that courts are loathe to
endorse. The majority's concern that even greater gamesmanship will result if we consider this late-filed response suffers from a fundamental flaw: merely objecting to a non-movant's late-filed
response does not "unwittingly ensur[e]" that the trial court will be presumed to have permitted the
late filing. See slip op. at 7-8. It is the affirmative action of the appellants in presenting the
objections and obtaining written rulings upon the objections that leads to the logical presumption
that the court indeed allowed and considered the late-filed response. The court's order ruling on
appellants' objections is an affirmative indication of the court's grant of leave to file untimely.

 As further indication that the trial court in fact considered Ta and Fisher's response, one need
only look at the outcome in the court below. The substantive objections raised by appellants were
in large part denied by the trial court, and thereafter the motion for summary judgment was denied.
On appeal appellants attack the very issues raised in the trial court by their substantive objections.
This is in contrast to many of the cases relied upon by the majority, where the record was silent
about consideration of the late-filed response, and the trial court granted the summary judgment.
See e.g., Nava, 700 S.W.2d at 670.

 Further, there is authority for requiring appellants to preserve their complaint by objection
in the trial court. See Davis v. Davis, 734 S.W.2d 707, 712 (Tex. App.--Houston [1st Dist.] 1987,
writ ref'd n.r.e.) (allegation that party received less notice than required by statute does not present
a jurisdictional question and therefore may not be raised for the first time on appeal). Generally, a
party's right to complain about late-filed documents is subject to waiver if not made to the trial
court. See Hudenburg v. Neff, 643 S.W.2d 517, 519 (Tex. App.--Houston [14th Dist.] 1982, writ
ref'd n.r.e.), cert. denied, 464 U.S. 937 (1983). The Dallas Court of Appeals reached the same
conclusion in the summary judgment context in City of Coppell v. General Homes Corp., 763
S.W.2d 448 (Tex. App.--Dallas 1988, writ denied). In that case the city filed its amended answer
and its controverting affidavits and brief opposing General Homes' motion for summary judgment
on August 17. The summary judgment hearing was held on August 24. On appeal General Homes
contended the filing was not a full seven days before the hearing as required by Tex. R. Civ. P. 166a.
 Id. at 451. The court rejected General Homes' argument, not because it determined that the filing
was timely, but because General Homes did not file a motion to strike the documents and thus failed
to preserve its complaint. Id. 

 The need to preserve error by objecting to the timeliness of the response is in keeping with
the Supreme Court's general emphasis on preservation, even in the summary judgment arena. Surely
if a summary judgment movant should file special exceptions to a non-movant's summary judgment
response when the grounds of opposition are not sufficiently clear, see McConnell v. Southside
I.S.D., 858 S.W.2d 337, 343 (Tex.1993), then a summary judgment movant should object to a non-movant's summary judgment response when it is untimely filed.

 Finally, the majority asks whether the court should "permit any ruling regarding a pleading
to constitute leave to file that pleading," and answers its own question in the negative. Slip op. at
10. This answer is apparently driven by a concern that the burden remain on the non-movants to
obtain leave to file their response late. The majority implies that requiring the movants to object to
the late-filed response impermissibly shifts the burden established by Rule 166a, and would have
potentially deleterious implications in future cases. This musing by the majority is particularly
interesting in light of Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997), in which the supreme court
overruled this court and held that despite the dictates of Tex. R. App. P. 41(a)(1) (2)(4), a notice of
appeal or cost bond filed within the fifteen-day grace period vests an appellate court with
jurisdiction, even if not accompanied by a motion for extension of time. Verburgt, 959 S.W.2d at
617. The court ruled that the filing of a perfecting instrument within the grace period necessarily
implies a motion for extension of time. Id. Verburgt involved a matter of jurisdiction, and yet the
supreme court was willing to deviate from the literal terms of the governing rule. Id. The instant
case does not even raise issues of jurisdictional import, yet the majority remains wedded to a literal
reading of Rule 166a that is more restrictive than any other reported interpretation of the rule. The
end result is that form has prevailed over substance. For these reasons, I dissent.

 CATHERINE STONE,

 JUSTICE

PUBLISH

1. The cases relied upon by the majority refer to whether there is an affirmative indication in the record that
the trial court considered the late-filed response. The majority notes several times that the trial court's judgment does
not affirmatively state that the late-filed response was considered. This requirement is more stringent than previous
interpretations of Rule 166a.
2. In light of appellants' written reply and objections to the response, it is unsettling that appellants argued on
appeal that the response was not filed until after the hearing. In any event, the record contains a file-stamped copy of
the response showing it was filed on the same day as the hearing was held. Ta and Fisher have indicated in their briefs
that the response was hand-delivered to appellants' counsel and mailed to the Bexar County District Clerk several days
earlier.
3. Contrary to the majority's conclusion that this question invites us to speculate, it is nothing more than an
attempt to draw reasonable inferences from the record--a function very much within the bounds of our role as a
reviewing court.
4. Now Tex. R. App. P. 26.3.


Return to
4th Court of Appeals Opinions