

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00006-CV

**MISSION WRECKER SERVICE, S.A., INC.**, Alanis Wrecker Service,
Alanis Wrecker Service, Inc., Alejandro L. Alanis, Eric Wilhite, and Jim Champion,
Appellants

v.

**ASSURED TOWING, INC.**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-18598
Honorable Gloria Saldaña, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  August 2, 2017

REVERSED AND REMANDED

Appellants Mission Wrecker Service, S.A., Inc., Alanis Wrecker Service, Alanis Wrecker

Service, Inc., Alejandro L. Alanis, Eric Wilhite, and Jim Champion appeal the trial court's order

denying their motions to dismiss filed pursuant to the Texas Citizens Participation Act also known

as the anti-SLAPP statute.  Appellants contend the trial court erred in denying their motions

because the claims asserted by appellee Assured Towing, Inc. against them were based on, related

to, or were in response to the Appellants' exercise of the right of free speech or the right to petition.

Appellants further contend Assured Towing failed to establish by clear and specific evidence a

prima facie case for each essential element of its claims or, alternatively, the Appellants established by a preponderance of the evidence each essential element of their justification defense. We reverse the trial court's order, dismiss Assured Towing's claims against the Appellants,[1] and remand the cause for further proceedings.

## BACKGROUND

Because both the trial court and this court are required to consider the pleadings and evidence in the light most favorable to Assured Towing, the following summarizes facts from Assured Towing's pleadings. *See Watson v. Hardman*, 497 S.W.3d 601, 609 (Tex. App.—Dallas 2016, no pet.); *Hicks v. Group & Pension Administrators, Inc.*, 473 S.W.3d 518, 526 (Tex. App.—Corpus Christi 2015, no pet.); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 892 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Serafine v. Blunt*, 466 S.W.3d 352, 369 n.28 (Tex. App.—Austin 2015, no pet.); *see also Rio Grande H2O Guardian v. Robert Muller Family P'ship Ltd.*, No. 04-13-00441-CV, 2014 WL 309776, at *3 (Tex. App.—San Antonio Jan. 29, 2014, no pet.) (mem. op.) (noting "[u]nlike other types of cases where pleadings are not considered evidence, section 27.006 . . . expressly provides" that "we may consider the pleadings as evidence").

Assured Towing and the City of San Antonio were parties to a Municipal Wrecker Services Agreement pursuant to which Assured Towing provided towing services for the City. After Assured Towing sought a rate review pursuant to the terms of the agreement, Assured Towing began receiving complaints from the City; however, Assured Towing continued providing services under the agreement.

Under the terms of its agreement with the City, Assured Towing was required to have workers' compensation coverage for its employees. To satisfy this requirement, Assured Towing

---

[1] Assured Towing also asserted claims in the underlying cause against Mike Slater. Slater did not file a motion to dismiss and is not a party to this appeal.

contracted with Unique Staff Leasing III, Ltd. to provide employee payroll services, including the provision of the required workers' compensation coverage.

Unique Staff subsequently sued Assured Towing on a past debt after Unique Staff's president was informed by Mike Slater and Jim Champion that the City intended to suspend its agreement with Assured Towing. Slater was the broker who referred Assured Towing to Unique Staff and who received a commission on the payments Assured Towing made to Unique Staff. Slater learned Assured Towing's agreement with the City was in jeopardy from Eric Wilhite during a meeting with Wilhite and Alejandro L. Alanis. Wilhite informed Slater that a City employee informed him that Assured Towing's agreement with the City was likely to be suspended due to nonperformance. Both Wilhite and Alanis are associated with Alanis Wrecker Service. Champion is an employee of Mission Wrecker Service, S.A., Inc. Slater or Champion also provided Unique Staff with the name of the attorney who represented Unique Staff in its lawsuit against Assured Towing.

In addition to suing Assured Towing, Unique Staff also retroactively terminated its contract with Assured Towing, immediately eliminating its workers' compensation coverage. Assured Towing was current with its payment obligations under the contract but was in arrears on an agreement the parties had entered into requiring Assured Towing to retire a past debt it owed to Unique Staff.

In its lawsuit, Unique Staff sought and obtained a temporary restraining order requiring the City to deposit all payments made to Assured Towing under the terms of their agreement into the registry of the court. Champion obtained a copy of the TRO and delivered it to the City. Around the same time, a City employee demanded that Assured Towing provide the City with proof of its workers' compensation coverage. When Assured Towing was unable to provide proof, the City suspended its agreement with Assured Towing. While the agreement was suspended, Alanis

Wrecker Service provided the towing services Assured Towing would otherwise have provided until Assured Towing provided proof of coverage to the City and the agreement was reinstated.[2]

Assured Towing sued the Appellants for tortious interference with its contracts with Unique Staff and the City and for conspiracy. As previously noted, the Appellants filed motions to dismiss pursuant to the Texas Citizens Participation Act. Approximately fifteen minutes before the hearing scheduled on the motions, Assured Towing filed a response to which it attached additional evidence. At the hearing, the Appellants objected to the evidence attached to the response as being untimely and inadmissible. The trial court sustained the objections and took the motions under advisement. The trial court later signed an order denying the motions, and Appellants appeal.

### THE TEXAS CITIZENS PARTICIPATION ACT AND STANDARD OF REVIEW

"[T]he Texas Citizens Participation Act or TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). "The Act provides a special procedure for the expedited dismissal of such suits." *Id*.

When a defendant files a motion to dismiss under the TCPA, the defendant-movant has the initial burden to show by a preponderance of the evidence that the plaintiff's claim is based on, relates to, or is in response to the defendant-movant's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (West 2015); *In re Lipsky*, 460 S.W.3d at 586-87. "If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the [next] step shifts the burden to the plaintiff to 'establish [ ] by clear and specific evidence a prima facie case for each essential

---

[2] Based on the statements made in Assured Towing's response to Appellants' motions, it appears the agreement was suspended for approximately eight days.

element of the claim in question.'" *In re Lipsky*, 460 S.W.3d at 587 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). Finally, if the plaintiff meets its burden to establish a prima facie case, the trial court must still dismiss the claim if the defendant-movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). We review the trial court's ruling on a TCPA motion to dismiss de novo. *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.).

In determining whether the plaintiff's claim should be dismissed, the court is to consider the pleadings and any supporting and opposing affidavits. *Id.* at 27.006(a). As previously noted, both the trial court and this court are required to consider the pleadings and evidence in the light most favorable to Assured Towing. *See Schlumberger Ltd.*, 472 S.W.3d at 892; *Serafine*, 466 S.W.3d at 369 n.28; *Rio Grande H2O Guardian*, 2014 WL 309776, at \*3.

The TCPA does not define the phrase "clear and specific evidence" which is the standard the plaintiff must meet in establishing a prima facie case for each essential element of the plaintiff's claims. *See In re Lipsky*, 460 S.W.3d at 590. The Texas Supreme Court, however, has held the standard requires more than mere notice pleadings but "does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.* at 590-91. "Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 591.

### ASSURED TOWING'S EVIDENCE

As previously noted, Assured Towing filed a response to the Appellants' motions approximately fifteen minutes before the hearing was scheduled to commence. The Appellants objected to the evidence attached to the response, noting the evidence was untimely filed and inadmissible. The trial court sustained the Appellants' objections.

We review the trial court's order sustaining the Appellants' timeliness objection to the evidence attached to Assured Towing's response under an abuse of discretion standard. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012) ("Evidentiary rulings are committed to the trial court's discretion); *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex. App.—San Antonio 1985, no writ) (noting whether to allow the late filing of opposing proof is within the trial court's discretion). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Assured Towing argues the trial court abused its discretion in sustaining the Appellants' timeliness objection because the TCPA does not contain a deadline for filing a response to a motion to dismiss. As support for its position, Assured Towing cites this court's decision in *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1 (Tex. App.—San Antonio 2000, pet. denied). In *Killam*, however, this court considered whether a summary judgment movant could meet the specificity requirement of a no-evidence motion for summary judgment in its reply. 53 S.W.3d at 4. This court noted one procedural problem in allowing the specificity to be satisfied by the reply was that the movant could file the reply on the day of the summary judgment hearing because rule 166a does not contain a deadline for a movant to file a reply. *Id*. In resolving the issue, this court assumed the trial court could properly consider the specific challenge raised in the reply and held the trial court erred in granting the no-evidence motion for a different reason. *Id*. at 4-5. This court's decision in *Killam* does not support the proposition that a trial court would abuse its discretion if it sustained an objection to a reply filed on the day of a summary judgment hearing.

The absence of a rule directly applicable to an issue should not be used as a means to ambush opposing counsel. *Gessmann v. Stephens*, 51 S.W.3d 329, 340 n.7 (Tex. App.—Tyler 2001, no pet). Instead, in the absence of a rule, the trial court should have the discretion to

determine the timeliness of a response. *See Bennett v. Grant*, No. 15-0338, 2017 WL 1553157, at *7 (Tex. Apr. 28, 2017) (noting procedural matters are left to the discretion of the trial court). Given that Assured Towing did not file its response and attached evidence until approximately fifteen minutes before the start of the hearing, we hold the trial court did not abuse its discretion in sustaining the Appellants' timeliness objection to the evidence.

Even if the trial court abused its discretion in sustaining the Appellants' timeliness objection, the Appellants also objected to the admissibility of the evidence, noting the attachments to the response were objectionable because they were depositions from another case where Appellants' attorneys did not have the right to cross-examine or question the deponents on the content of the depositions. Assured Towing responded that the depositions would be admissible as statements against the parties' interest. Although Assured Towing addresses the timeliness of the evidence in its brief, it does not address the trial court's ruling on the admissibility of the evidence. Accordingly, Assured Towing has waived the issue of whether the trial court erred in excluding its evidence on admissibility grounds. *See Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.) (noting when a party urges several objections to a particular piece of evidence and, on appeal, the opposing party complains of its exclusion on only one of those bases, the opposing party has waived the complaint that the trial court erred in excluding the evidence because he has not challenged all possible grounds for the trial court's ruling that sustained the objection); *see also Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (same).

### CLAIMS BASED ON EXERCISE OF RIGHT OF FREE SPEECH

The Appellants assert they met their burden to establish Assured Towing's claims are based on their exercise of the right of free speech because all of their communications were made in connection with a matter of public concern.

The TCPA defines the "exercise of the right of free speech" to mean "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). The TCPA further defines "matter of public concern" to include an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7).

"[W]he construing the TCPA's 'right of free speech' prong, 'the plain language of the [TCPA] merely limits its scope to communications involving a public subject — not communications in a public forum.'" *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (quoting *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015)). As a result, the TCPA encompasses both public and private communication. *Id.* "The TCPA does not require that the statements specifically 'mention' [public] concerns, nor does it require more than a 'tangential relationship' to the same; rather, TCPA applicability requires only that the defendant's statements are 'in connection with' 'issue[s] related to' health, safety, environmental, economic, and other identified matters of public concern chosen by the Legislature." *Id.* at 900.

All of Assured Towing's allegations are based on conversations regarding the agreement the City, a governmental entity, had with Assured Towing. Communications relating to the manner in which the government operates relate to matters of public concern. *In re Lipsky*, 411 S.W.3d at 543. In addition, "the award of public contracts is almost always a public matter and an issue of public concern." *Farias v. Garza*, 426 S.W.3d 808, 819 (Tex. App.—San Antonio 2014, pet. denied), *disapproved on other grounds*, *In re Lipsky*, 460 S.W.3d at 591. In this case, we hold Appellants' communications regarding the City's contract with Assured Towing were based on or related to a matter of public concern. *See Hicks*, 473 S.W.3d at 530 (concluding emails regarding concerns about a company's ability to perform services to be provided by the company pursuant

to a potential contract between the company and a school district related to matter of public concern).  Furthermore, the communications in which Unique Staff was provided the name of an attorney are communications relating to a service in the marketplace, and likewise relate to a matter of public concern.  *See Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding statements relating to legal services offered by attorney in the marketplace addressed matters of public concern); *Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *5 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op.) (holding statements regarding services company provided to the public were made in connection with matter of public concern).  Therefore, Appellants satisfied their initial burden of showing Assured Towing's claims were based on or related to their exercise of the right of free speech.

### PRIMA FACE CASE

Because the Appellants met their initial burden, the burden shifted to Assured Towing to establish by clear and specific evidence a prima facie case for each essential element of its claims.

A.     Tortious Interference with Contract

The elements of tortious interference with an existing contract are: (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss.  *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).  "[M]erely inducing a contract obligor to do what it has a right to do [under the subject contract] is not actionable interference." *ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).  Accordingly, in order to prevail on a claim for tortious interference with contract, the plaintiff must show the interference induced an actual breach of the contract.  *See id.* at 431; *Serafine*, 466 S.W.3d at 362-63; *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 416 S.W.3d 137, 149 (Tex. App.—Eastland 2013, pet. denied); *Fuenes v.*

*Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. denied).

In this case, Assured Towing acknowledges the City had the right to suspend its agreement with Assured Towing when Assured Towing was unable to provide proof of workers' compensation coverage. Therefore, the City only did what it had the right to do under the agreement. Accordingly, Assured Towing cannot establish a prima facie case on its tortious interference claim relating to its agreement with the City.

Similarly, Assured Towing has not established by clear and specific evidence that Unique Staff breached its contract with Assured Towing when it terminated the contract. Although Assured Towing generally alleges in its petition that it would be justified in including claims against Unique Staff for wrongfully terminating the contract, Assured Towing does not provide "enough detail to show the factual basis for [such a] claim." *In re Lipsky*, 460 S.W.3d at 591. For example, Assured Towing does not set forth the provisions of the contract which Unique Staff potentially breached. Although Assured Towing alludes to notice not being provided, Assured Towing does not allege notice was required to be given under the contract's provisions or that Unique Staff breached the contract by not providing notice. Accordingly, Assured Towing failed to satisfy its burden to show by clear and specific evidence a prima facie case for its tortious interference claims.

B.    Civil Conspiracy

"An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017). "An

actionable civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means." *Id*.

The Texas Supreme Court has recognized civil conspiracy "might be called a derivative tort." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). "That is, a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton*, 925 S.W.2d at 681. Because we have held Assured Towing did not establish a prima facie cause on its tortious interference claim, which is the underlying tort for which it sought to hold the Appellants liable, then it similarly failed to establish a prima facie case on its civil conspiracy claim. *See id*.; *see also Rio Grande H2O Guardian*, 2014 WL 309776, at *4.

## CONCLUSION

Because the TCPA was applicable to Assured Towing's claims but Assured Towing did not establish by clear and specific evidence a prima facie case for its claims against the Appellants, the trial court erred in denying the Appellants' motions to dismiss. Therefore, we reverse the trial court's order and dismiss Assured Towing's claims against the Appellants. The cause is remanded to the trial court to determine the amount the Appellants should be awarded under section 27.009(a) of the TCPA. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 20160 (holding TCPA requires an award of 'reasonable attorney's fees' to the successful movant); *Farias*, 426 S.W.3d at 820 (reversing trial court's order denying motion to dismiss and remanding the cause for the trial court to consider an award under section 27.009).

Marialyn Barnard, Justice